NSK Ltd. and NSK Corp, plaintiffs *v.* United States, defendant, and Timken Co., defendant-intervenor

Court No. 91–07–00481

(Dated June 28, 1993)

*Donohue and Donohue (Joseph F. Donohue, Jr., Kathleen C. Inguaggiato* and *Daniel W. Dowe)* for plaintiffs.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Michael S. Kane)*; of counsel: *Joan MacKenzie,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., John M. Breen* and *Margaret E.O. Edozien)* for defendant-intervenor.

## Opinion

Tsoucalas, *Judge:* Plaintiffs, NSK Ltd. and NSK Corporation ("NSK"), move pursuant to Rule 56.1 of the Rules of this Court for judgment on the agency record contesting the Department of Commerce, International Trade Administration's ("Commerce") (1) failure to use the home market interest rate in calculating the inventory carrying cost adjustment, and (2) deduction of U.S. direct selling expenses from exporter's sales price.

The administrative determination under review is Commerce's final results in *Tapered Roller Bearings, Four Inches or Less in Outside Diameter, and Certain Components Thereof, From Japan; Final Results of Antidumping Duty Administrative Review ("Final Results"),* 56 Fed. Reg. 26,054 (1991), *as amended,* 56 Fed. Reg. 31,113 (1991). The period of review at issue is August 1, 1987 through July 31, 1988.

## Discussion

In reviewing a final determination of Commerce, this Court must uphold that determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence has been defined as being "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477 (1951) (quoting

*Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). It is "not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." *Timken Co. v. United States,* 12 CIT 955, 962, 699 F. Supp. 300, 306 (1988), *aff'd,* 894 F.2d 385 (Fed. Cir. 1990).

1. *Home Market Interest Rate:*

In its final results, Commerce used the United States short-term interest rate in calculating the inventory carrying cost related to sales in the United States. Plaintiffs claim that Commerce should have used the home market interest rate in calculating the inventory carrying cost adjustment, and to do otherwise was not supported by substantial evidence and was not in accordance with law. *Plaintiffs' Brief In Support Of Motion For Judgment Upon the Agency Record* at 2.

Upon reexamining this issue, Commerce now concedes this issue and requests this case to be remanded "for a recalculation of NSK's United States inventory carrying costs using the short-term, home market interest rate for the time that NSK bears the cost of carrying the inventory." *Defendant's Memorandum in Opposition to Plaintiffs' Motion For Judgment Upon the Administrative Record* at 21.

Thus, this case is hereby remanded to Commerce for recalculation of NSK's U.S. inventory carrying costs using the short-term, home market interest rate.

2. *Direct Selling Expenses:*

Secondly, plaintiffs claim that Commerce's deduction of U.S. direct selling expenses from exporter's sales price was contrary to law.

This issue has consumed the Court's time in recent decisions and the Court has consistently held that "direct selling expenses are properly characterized as differences in circumstances of sale giving rise to an adjustment of FMV." *See NSK Ltd. v. United States,* 17 CIT 251, 253–54, Slip Op. 93–50 at 6 (April 2, 1993); *see also, NSK Ltd. v. United States,* 17 CIT 500, 501, Slip Op. 93–92 at 3 (June 3, 1993); *NTN Bearing Corp. of America v. United States,* 17 CIT 254, Slip Op. 93–51 (April 13, 1993); *NTN Bearing Corp. of America v. United States,* 17 CIT 272, Slip Op. 93–56 (April 21, 1993); *NTN Bearing Corp. of America v. United States,* 14 CIT 623, 637, 747 F. Supp. 726, 738–39 (1990); *Timken Co. v. United States,* 11 CIT 786, 800, 673 F. Supp. 495, 509 (1987).

Although the law is clear on this issue, "Commerce repeatedly ignores the law and disobeys the decisions of this Court. A remand in this case would be futile since it would affect only deposit rates." *NSK Ltd.,* 17 CIT at 251, Slip Op. 93–50 at 6.

Furthermore, the Court recently cautioned Commerce that "they are to adhere to the law and to the decisions of the Court on this issue. If not, this Court will be compelled to order sanctions against the government and hold Commerce in contempt of court for repeatedly ignoring the well-established law on this issue." *Id.* at 254, Slip Op. 93–50 at 6–7.

CONCLUSION

In accordance with the foregoing opinion, plaintiffs' motion for judgment on the agency record regarding the home market interest rate is granted and this case is remanded to Commerce to recalculate NSK's U.S. inventory carrying costs using the short-term home market interest rate. Remand results are due within thirty days of the date this opinion is entered. Comments are due fifteen days thereafter, and any responses to comments are due within fifteen days of the date comments are filed. Plaintiffs' motion regarding direct selling expenses is also granted. A remand on this issue, however, would be futile since it would affect only deposit rates.